IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH MALDONADO-PASSAGE, ) ) ) Plaintiff, ) ) v. ) ) U.S. FEDERAL WILDLIFE ) SERVICE,[1] et al., ) ) Defendants. ) | Case No. CIV-20-248-SLP |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding pro se, filed a Complaint for Violation of Civil Rights. Doc. 1. United States District Judge Scott L. Palk referred the matter to the undersigned under 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 4.[2] Because Plaintiff challenges the validity of his prosecution and conviction, the undersigned recommends dismissal.[3]

---

[1] Elsewhere, Plaintiff lists "United States Fish & Wildlife Services," as a defendant. Doc. 1, Att. A, at 1. Plaintiff seems to use the two terms interchangeably. "U.S. Federal Wildlife Service" appears to be a misnomer.

[2] This report cites court documents by their electronic case filing designation and pagination. Quotations are verbatim unless otherwise shown.

[3] Plaintiff seeks relief at least in part under 42 U.S.C. § 1983. Doc. 1, at 4 ¶ II.B. Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution against state officials. *Id.* ¶ II.B.

On January 22, 2020, after conviction by a jury on two murder-for-hire-related counts, nine Endangered Species Act violations, and eight Lacey Act violations.[4]  Plaintiff received a 264-month sentence.  He initiated this action while his direct appeal remains pending.  Doc. 1, at 11.

## I. Screening.

The Court construes the complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Court can reasonably read the complaint "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

---

Further, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973).  But he also states he is suing "Federal officials."  Doc. 1, at 4 ¶ II.A.  To the extent Plaintiff pursues relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), which provides a cause of action against federal governmental officials for violations of civil rights equivalent to the cause of action under Section 1983 against state officials, as explained below, Plaintiff's claims also fail.

[4]  The Court takes judicial notice of *United States v. Maldonado-Passage,* No. 18-CR-227-SLP, Doc. 113.  *See United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand").

requirements." *Hall,* 935 F.2d at 1110.  However, the Court should not be an advocate for a pro se litigant.  *See id.*

Under 28 U.S.C. § 1915A, the Court must review the complaint because Plaintiff is a prisoner and he is seeking redress (at least in part) from officers or employees of a governmental entity.  Under § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or if it seeks relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

## II.   Plaintiff's complaint.

Plaintiff names (1) U.S. Federal Wildlife Service/U.S. Fish & Wildlife Services; (2) United States Department of Interior; (3) Mathew Bryant, in his official capacity as Federal Wildlife Agent; (4) Amanda Leigh Maxfield Green, in her official capacity as Assistant United States Attorney; (5) Jeffrey Lee Lowe, (6) James Brandon Garretson; (7) Daniel Ashe; and (8) Allen Glover as defendants.  Doc. 1, at 2-4 & Att. 1, at 1.

He states he has sustained the following injuries: "I have been sexually assulted, scared from being tied in a chair, was given Bandaids."  Doc. 1, at 9. He seeks $73,840,000.00 in damages and an additional $15,000,000.00 for false arrest, false imprisonment, discrimination, malicious prosecution, selective

3

enforcement, misinterpreting the law and the death of Shirley Schreibvogel. *Id.* & Att. 1, at 10. Plaintiff states his claims did not arise while he was confined in a jail, prison, or other correctional facility. Doc. 1, at 10. He has filed no grievances, and states his "appeal is currently ongoing." *Id.* at 10-11.

Plaintiff lists his claims under *Bivens* as "(1) misleading a grand jury; (2) perjury; (3) conspiracy to commit perjury; (4) false arrest; (5) false imprisonment; (6) malicious prosecution; (7) loss of personal property; (8) pain and suffering; (9) mental anguish; (10) the death of Shirley Schreibvogel; (11) discrimination; (12) selective enforcement; (13) misrepresentation of the Endangered Species Act; and (14) violating federal defendants oath of office." *Id.* at 4 & Att. 1, at 2-3 (capitalization altered). Elsewhere, where indicating what federal constitutional or statutory right(s) he claims are being violated in a Section 1983 action, he states "V, VI, VIII due process, selective enforcement, discrimination, right to post bond, false imprisonment, false arrest, perjury, entrapment." Doc. 1, at 4 ¶ II.B (capitalizations altered). He supports these claims with an extensive narrative alleging "malicious prosecution, explaining how he "would not take a plea to the murder for hire charges" and how he was made to "pay the price for asking for a trial" with the addition of "20 wildlife charges" in a superseding indictment. *Id.* Att. 1, at 5-6.

### III. Analysis.

*Bivens* actions serve as the proper vehicle to attack unconstitutional conditions of federal confinement and prison procedures. *Adams v. Matevousian*, 787 F. App'x 541 (10th Cir. 2019) (citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1033 (10th Cir. 2012)).

But here, Plaintiff largely challenges the circumstances surrounding his allegedly "false arrest," the criminal investigation (including his "intentional entrapment"), his allegedly "malicious prosecution," his trial proceedings with purportedly "perjured testimony," his "false conviction," and his "false imprisonment." Doc. 1, Att. 1, at 3-10. In doing so, Plaintiff challenges the validity of his conviction. When a plaintiff challenges the legality of a confinement, a party must file the case as a habeas corpus proceeding rather than under *Bivens* or 42 U.S.C. § 1983. *See Heck v. Humphrey,* 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.") (citing *Preiser,* 411 U.S. at 488-90). Because Plaintiff is a federal prisoner, he must raise such challenges to his confinement in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *United States v. Le*, 412 F. App'x 148, 149-50 (10th Cir. 2011) ("For a federal prisoner, the

5

exclusive remedy for testing the validity of a judgment and sentence . . . is that provided in 28 U.S.C. § 2255.").

Plaintiff seeks damages based on his prosecution and conviction. If a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, a plaintiff may not bring such action until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by an [authorized tribunal], or called into question by the issuance of a federal habeas writ." *Heck*, 512 U.S. at 486-87. *Heck* applies to *Bivens* actions. *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Plaintiff does not allege that he has invalidated his conviction through a writ of habeas corpus, and as stated above, he has a direct appeal pending.

Mindful of its obligation to construe liberally Plaintiff's allegations, the Court must consider whether to recast his *Bivens* complaint as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. To do so, the

> Court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003).

So, this Court should generally not sua sponte recharacterize a prisoner's petition for post-conviction relief as a § 2255 petition. *United States v. Kelly,* 235 F.3d 1238, 1241 (10th Cir. 2000) (reaching this conclusion "largely out of concern that a subsequent § 2255 motion would be considered successive" and barred under AEDPA except "in very limited circumstances"). Because Plaintiff's appeal is pending, the Court should not recharacterize his complaint as a petition. *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 petition while review of the direct appeal is still pending.").

The Court also notes that Plaintiff's complaint suffers from other deficiencies. If the Court can determine from the complaint that he is suing improper parties for damages, the claims will be dismissed with prejudice. *See Carbajal v. Holman,* 485 F. App'x 332, 333 (10th Cir. 2012).

Plaintiff sues Defendant Maxfield Green because of her involvement in his criminal proceedings. Plaintiff's allegations against Defendant Maxfield Green involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell,* 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)); *see* Doc. 1, at 7 & Att. 1, at 9. He may not sue the individual prosecutor in this *Bivens* action. Defendant Maxfield

7

Green, an Assistant United States Attorney, is entitled to absolute immunity as a federal prosecutor. *See Imbler,* 424 U.S. at 419 n.13 ("[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity."). Plaintiff's claims against Defendant Maxfield Green are "legally frivolous" based on absolute immunity and the Court should dismiss them with prejudice under 28 U.S.C. § 1915A(b)(2).

As for Plaintiff's claim against Defendant Mathew Bryant for "wrongdoing while operating in his [] official capacity as a United States agent," it "operates as a claim against the United States" and should also be dismissed with prejudice. *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). The federal government's "sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992). Federal courts lack subject matter jurisdiction over claims against the United States where the United States has not waived its sovereign immunity. *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). So, the Court should dismiss with prejudice any claims against Defendant "Federal Wildlife Agent" Bryant in his official capacity under 28 U.S.C. § 1915A(b)(2).

Similarly, Congress has not extended the *Bivens* remedy to federal agencies or the United States. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Smith v. United States*, 561

8

F.3d 1090, 1093 (10th Cir. 2009) (holding "*Bivens* claims cannot be asserted directly against either the United States or federal officials in their official capacities or against federal agencies"). Plaintiff has identified no waiver of this immunity. To the extent Plaintiff raises claims against Defendants United States Department of the Interior and the Department of Fish & Wildlife the claims should be dismissed with prejudice under 28 U.S.C. § 1915A(b)(2).

### IV. Recommendation and right to object.

For these reasons, the undersigned recommends

(1) to the extent Plaintiff seeks relief against Defendant Maxfield Green based on her actions within the scope of her prosecutorial duties, such claims should be dismissed with prejudice based on absolute immunity under 28 U.S.C. § 1915A(b)(2);

(2) similarly, the Court should dismiss with prejudice any claims against Defendant Bryant while operating in his official capacity as a United States agent under 28 U.S.C. § 1915A(b)(2);

(3) the Court should dismiss with prejudice any claims against Defendants United States Department of the Interior and the Department of Fish & Wildlife under 28 U.S.C. § 1915A(b)(2); and

(4) the Court should dismiss Plaintiff's remaining claims without prejudice under 28 U.S.C. § 1915A(b)(1).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before April 28, 2020, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 7th day of April, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE