### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH MALDONADO-PASSAGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.                                       ) <br> ) <br> U.S. FEDERAL WILDLIFE SERVICES, et al., ) <br> ) <br> Defendants.                          ) | Case No. CIV-20-248-SLP |

## O R D E R

Plaintiff, appearing pro se, has filed a Motion to Recuse [Doc. No. 6], seeking recusal of the undersigned on grounds of alleged bias. For the reasons set forth, Plaintiff's Motion is DENIED.

### I. Introduction

The undersigned has presided over civil cases in this judicial district to which Plaintiff is a party. The undersigned has also presided over a criminal case resulting in Plaintiff's recent conviction and sentence on multiple federal offenses.

After judgment was entered in Plaintiff's criminal proceedings, he filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Plaintiff's § 1983 claims arise out of and are related to his criminal conviction.

### II. Discussion

Plaintiff does not cite any authority in support of his Motion. Because he is appearing pro se, the Court liberally construes the Motion as seeking relief pursuant to 28 U.S.C. § 455(a), which requires a judge to "disqualify himself in any proceeding in which

his impartiality might reasonably be questioned." An objective standard governs the § 455(a) analysis. *See United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) ("[D]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." (quotations omitted)); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue.").

The undersigned has reviewed Plaintiff's Motion and finds recusal is not warranted. "Judges not only have a strong duty to recuse when appropriate, *but also a strong duty to sit*, and [§ 455(a)] must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (internal quotation marks and citation omitted, emphasis added); *see also United States v. Jordan*, 678 F. App'x 759, 768 (10th Cir. 2017) ("[A] judge has a duty to sit when there is no basis to recuse" and "[a] judge should [never] recuse to avoid a difficult task or indulge a party.").

Here, Plaintiff claims two remarks the undersigned allegedly made during the sentencing proceedings in Plaintiff's criminal case demonstrate bias.[1] Plaintiff alleges these remarks were made in a "hostile and agitated manner." The remarks Plaintiff refers to, to the extent such remarks were made, concern the nature of the crimes committed by Plaintiff. Such remarks do not require disqualification. *See, e.g., Jordan*, 678 F. App'x at

---

[1] Plaintiff did not include a transcript or other record of the sentencing proceeding.

770 (judge's comments finding all mass shootings deplorable and judge's attenuated connections to Columbine shootings were insufficient to question either his objectivity or the appearance thereof at his sentencing of defendant on charges arising from her plan for "mass murder of horrific proportions" (citing *Cooley*, 1 F.3d at 993 n.4 ("[G]enerally stated views, even when expressed strongly, against a wide variety of conduct, such as murder, invidious discrimination, rape, drug trafficking, and mayhem, to illustrate the obvious, or in favor of the First Amendment, for example, are not unreasonable for a judge, and would not, absent more, disqualify a judge from sitting on a case involving the same subject matter.")); *see also Wells*, 873 F.3d at 1252 ("[A]llegations of critical, disapproving, or hostile judicial remarks are insufficient [to show bias and partiality]." (internal quotation marks omitted)). Nor does the fact that the undersigned presided over Plaintiff's criminal proceeding require recusal in this civil action. *See Edmond v. Athlete's Foot Group*, 15 F. App'x 738, 740 (10th Cir. 2001) ("Without more, the fact that a judge presided in a previous criminal matter involving a party is not a valid ground for recusal [in a subsequent civil matter].")

Plaintiff also alleges a conflict of interest because of the fact the undersigned presides over certain civil cases to which Plaintiff is a party. These allegations too, fail to give rise to grounds for recusal. *See, e.g.*, *Diaz v. King*, 687 F. App'x 709, 713 (10th Cir. 2017) ("It takes more than speculation or suspicion of bias to require recusal [a]nd prior adverse rulings or the judge's familiarity with a defendant are not enough." (citation omitted)); *Webb v. Swensen*, 663 F. App'x 609, 615 (10th Cir. 2016) ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." (internal

quotation marks and citation omitted)); *United States v. DeClerck*, 252 F. App'x 220, 223 (10th Cir. 2007) (recusal not warranted where litigant failed to "allege with any particularity conduct that would lead a reasonable jurist to question the district judge's neutrality" but "mustered only speculative or inconsequential allegations to support his claim."). Plaintiff's wholly conclusory allegations fail to demonstrate bias or prejudice and recusal, therefore, is not warranted.

### III.  Conclusion

In sum, the undersigned has carefully reviewed the grounds upon which Plaintiff seeks recusal and finds those grounds are insufficient to warrant the requested relief. Applying § 455(a), there is no objective basis upon which to find judicial bias or lack of impartiality.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Recuse [Doc. No. 6] is DENIED.

IT IS SO ORDERED this 8th day of April, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE