# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-248-SLP |
| | ) | |
| U.S. FEDERAL WILDLIFE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JOSEPH MALDONADO-PASSAGE'S THIRD
### MOTION FOR EXTENSION AND BRIEF IN SUPPORT

COMES NOW the Plaintiff, Joseph Maldonado-Passage, by and through his attorney, Jarrod H. Stevenson, and, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, respectfully requests an extension of time to file objections or other response to Magistrate Judge Mitchell's *Report and Recommendation* [Dkt. 7]. The extension is requested because the current state of prison regulations (which have been modified due to the COVID-19 pandemic) have prevented Plaintiff's attorneys from properly conferring with Plaintiff and from obtaining Plaintiff's informed consent to Plaintiff's attorneys' proposed options and recommendations. As set forth in the certificate of conference, below, no defendants have appeared and Plaintiff believes the motion should be considered unopposed.

**I.      APPLICABLE STANDARDS**

When a request for extension is made before expiration of the applicable deadline, the Court may extend such deadline for good cause (even without motion or notice to the

opposing party). Fed. R. Civ. P. 6(b)(1)(A). The current deadline is July 27, 2020 [Dkt. 12]. Accordingly, the instant motion is made before the expiration of the applicable deadline, and no showing of excusable neglect is required. *See* Fed. R. Civ. P. 6(b)(1)(A).

## II.   PROCEDURAL POSTURE

In this instance, this action was filed by a plaintiff who was originally acting *pro se*. In accordance with the Court's ordinary review of such suits, Magistrate Judge Mitchell issued a *Report and Recommendation* [Dkt. 7], which concluded that Plaintiff's *Complaint* [Dkt. 1] was not a motion under 28 U.S.C. § 2255.[1] The *Report and Recommendation* then concluded that Plaintiff's claims should be dismissed for various procedural reasons (some without prejudice and some with prejudice), and then set a deadline for objections. Subsequently, the Court granted two extensions [Dkts. 10 and 12], since prison circumstances (exacerbated by the COVID-19 pandemic) had inhibited the Plaintiff's ability to respond to the *Report and Recommendation*.

## III.   GROUNDS FOR EXTENIONS

Plaintiff has now retained Francisco Hernandez, Jr. of Fort Worth, Texas (hereinafter "Lead Counsel")[2], along with local counsel, to represent Plaintiff's legal interests in the above-entitled cause. However, prison restrictions continue to inhibit a response to the *Report and Recommendation*, as Lead Counsel and local counsel have been

---

[1] The *Report and Recommendation* was entirely correct on that particular issue. The *Complaint* was not intended as a motion under 28 U.S.C. § 2255.

[2] Counsel anticipates that Francisco Hernandez, Jr. will promptly request temporary admission to practice in this cause, as mandated by Local Civil Rule 83.2(g).

unable to properly confer with their client on the issues at hand. Plaintiff's attorneys have reviewed the *Complaint* and the *Report and Recommendation*, have reviewed applicable authorities, and have evaluated options and recommendations for their client. However, the options and recommendations are not limited to "technical and legal tactics" of counsel, but also implicate the "objectives" of the client and "general methods" to pursue those objectives—which involve decisions to be made by the client after meaningful consultation with counsel. Tex. Disc. R. Prof. Conduct 1.02 & cmt.1; Ok. R. Prof. Conduct 1.2 & cmt. 1. Therefore, absent the need for emergency action to avoid prejudice to the client, Plaintiff's attorneys submit that the client should fully understand and give his informed consent before Plaintiff makes a response to the *Report and Recommendation* (in accordance with the ordinary parameters of the attorney/client relationship).

Unfortunately, Plaintiff's attorneys have not been able to obtain their client's consultation and informed consent to the options and recommendations proposed by counsel. As indicated by Plaintiff's prior motions for extension, Plaintiff's receipt of written communications has been inhibited, and Lead Counsel has a reasonable belief that Plaintiff has not received all of Lead Counsel's correspondence regarding this action. More importantly, Lead Counsel has not been able through written correspondence to ensure his client's understanding of all applicable issues and to obtain his client's informed consent.

Lead Counsel has also attempted to communicate with his client by telephone. However, upon information and belief, the calls are monitored and recorded by prison staff. As such, Lead Counsel does not believe it would be appropriate to confer on all issues necessary to respond to the *Report and Recommendation*, as they would not only involve

communications protected by the attorney-client privilege, but would also require transmission of core attorney work product (*i.e.* mental impressions of counsel) that are subject to the highest degrees of legal protection.

Ordinarily, the foregoing restrictions on written and telephonic communications would be an inconvenience, but they would not prevent proper legal representation. Instead, counsel would simply conduct an in-person meeting of sufficient duration to ensure the client's understanding and informed consent, which has been a common practice of counsel over thirty years of representing incarcerated individuals in state and federal courts.

Unfortunately, the Bureau of Prisons is currently restricting in-person meetings, and Plaintiff's attorneys have not been able to conduct the necessary conference with their client in this instance, despite diligent attempts to do so. Conversely, the Bureau of Prisons has not yet instituted any alternative procedures that provide equivalent protections of the attorney-client relationship. Plaintiff's attorneys are hopeful that the situation will change in the near future, as Plaintiff's attorneys have received indications that procedures for videoconferences will be instituted soon. However, Plaintiff's counsel have not been able to obtain details regarding the exact timeframe for those procedures, or confirmation that they will allow for protections similar to in-person visits.

Therefore, at this time, it is not feasible to both: (1) comply with the Court's deadline for responding to the *Report and Recommendation* and (2) allow Plaintiff's attorneys to satisfy their own standards of ethical conduct. Instead, it would be more appropriate to extend the deadline until prison procedures again allow for in-person meetings with

counsel, until procedures allow for videoconferences with equivalent protections, or until Plaintiff's attorneys are otherwise able to obtain adequate access to their client.

In light of the uncertainty regarding BOP procedures (which are indirectly related to the COVID-19 pandemic), Plaintiff suggests that an appropriate extension would be ninety (90) days, at which point Plaintiff should be able to respond to the *Report and Recommendation* or to provide an update on the status of prison procedures and to request any additional relief if appropriate. Such an extension will not prejudice the defendants, since there is no scheduling order in place, no defendants have appeared, and there are no other pending deadlines.

### IV.  REQUEST FOR RELIEF

Accordingly, Plaintiff respectfully requests that the deadline to file objections or otherwise respond to the *Report and Recommendation* be extended until October 27, 2020. Alternatively, if the Court does not believe a 90-day extension is appropriate, then Plaintiff requests that the Court grant an extension of whatever length the Court deems appropriate.

    Respectfully submitted,

    _____
    JARROD H. STEVENSON, OBA #20346
    Stevenson Law Firm, P.L.L.C.
    903 N.W. 13th Street
    Oklahoma City, Oklahoma 73106
    Telephone: (405) 236-5100
    Facsimile: (405) 234-5528
    Email: jarrod@jhstevensonlaw.com
    ***Attorney for Plaintiff***

## **CERTIFICATE OF SERVICE**

No defendants have appeared, and process has not yet been issued in this action. As such, the undersigned does not believe service is required. Nevertheless, the undersigned will send a courtesy copy by mail to the United States Attorney for the Western District of Oklahoma.

_____
JARROD H. STEVENSON