## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-248-SLP |
| | ) | |
| U.S. FEDERAL WILDLIFE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JOSEPH MALDONADO-PASSAGE'S RESPONSE
### TO REPORT AND RECOMMENDATION [DKT. 7]

COMES NOW the Plaintiff, Joseph Maldonado-Passage, by and through his attorney, Jarrod H. Stevenson, and hereby responds to Magistrate Judge Suzanne Mitchell's *Report and Recommendation* [Dkt. 7], entered on April 7, 2020, which is now moot in light of Plaintiff's *Notice of Voluntary Dismissal Without Prejudice* [Dkt. 16], filed this same day.

Plaintiff Maldonado-Passage, initially acting *pro se*, filed his *Complaint* [Dkt. 1] on March 18, 2020.  On April 7, 2020, Magistrate Judge Suzanne Mitchell issued a *Report and Recommendation* [Dkt. 7] on Plaintiff's *Complaint*.  Magistrate Judge Mitchell correctly ascertained that the *Complaint* was not intended as a motion to vacate sentence under 28 U.S.C. § 2255, and the *Complaint* therefore would not implicate the prohibition against successive motions found in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Report* at 6-7.  However, Magistrate Judge Mitchell nevertheless

determined that Plaintiff's claims were procedurally barred and recommended that the Court dismiss the claims (some without prejudice and some with prejudice).

Magistrate Judge Mitchell ordered that objections to the *Report and Recommendation* should be filed by April 28, 2020. However, the Court subsequently extended that deadline for several reasons, primarily due to prison restrictions ostensibly related to the COVID-19 pandemic. *See, e.g., Mot. for Extension* [Dkt. 14] filed July 27, 2020, and *Order* [Dkt. 15] entered on July 29, 2020.

Under the circumstances, Plaintiff (now represented by counsel) is instead voluntarily dismissing his claims rather than objecting to the *Report and Recommendation*. Although Plaintiff does not necessarily agree with all of the reasoning in the *Report and Recommendation*, a proper and complete set of objections would involve additional filings (such as leave to file an amended pleading drafted with the benefit of counsel), which would likely result in more complications than the filing of a new action.

Therefore, this same day, Plaintiff filed a *Notice of Voluntary Dismissal Without Prejudice* [Dkt. 16], which voluntarily dismissed all claims **without prejudice**. *See* Fed. R. Civ. P. 41(a). Per Rule 41(a), the dismissal is effective automatically, without any further action of the Plaintiff or the Court:

> "Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court. The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. . . . The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."

*Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).   Unless the Court's internal procedures require a final judgment or order to close the case for statistical purposes, no further action is necessary or even possible.

As such, the *Report and Recommendation* was rendered moot upon the filing of the notice of dismissal—before the deadline for objections had run and before the *Report and Recommendation* had been adopted or rejected by the Court—and it has no impact on Plaintiff's ability to assert any claims in a future action if Plaintiff decides to do so.   *See, e.g., Pruitt v. Lehew,* No. CIV-05-412-F, 2007 WL 172014, 2007 U.S. Dist. LEXIS 4611, at *3-4 (W.D. Okla. 2007) (construing a filing as a notice of dismissal, and therefore declaring magistrate judge's report and recommendation to be moot).

Likewise, nothing occurring in this action impacts the restrictions of the Prison Litigation Reform Act (PLRA), such as the "three strikes" prohibition of 28 U.S.C. § 1915(g).   To the contrary, a case dismissed under Fed. R. Civ. P. 41 is not "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and a voluntary dismissal therefore does not count as a "strike" under § 1915(g).   *See, e.g.,* 28 U.S.C. § 1915(g); *Deutsch v. Gallegos,* 98 F. App'x 723, 725 (10th Cir. 2004) (unpublished) (citing *Janssen v. Harris*, 321 F.3d at 1000).

Finally, this action does not implicate the restrictions of the AEDPA—such as the restrictions against successive motions under 28 U.S.C. § 2255—albeit for a different reason.   Simply put, the *Complaint* in this action did not assert a motion under § 2255 (or request any type of habeas petition, for that matter), and the provisions of the AEDPA are wholly inapplicable.

Accordingly, Plaintiff seeks no further relief from this Court, as this action is already effectively dismissed.   Instead, Plaintiff will assert his claims, if Maldonado-Passage deems it appropriate, in a separate action in the future.

Respectfully submitted,

JARROD H. STEVENSON, OBA #20346
Stevenson Law Firm P.L.L.C.
903 N.W. 13th Street
Oklahoma City, Oklahoma 73106
Telephone: (405) 236-5100
Facsimile: (405) 234-5528
Email: jarrod@jhstevensonlaw.com
***Attorney for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

No defendants have appeared, and process has not yet been issued in this action.  As such, the undersigned does not believe service is required.  Nevertheless, the undersigned will send a courtesy copy by mail to the United States Attorney for the Western District of Oklahoma.

_____
JARROD H. STEVENSON